## UNITED STATES v. ELM SPRING FARM CO. et al.
### No. 4525.

District Court, D. Massachusetts.

May 1, 1942.

See, also, 38 F.Supp. 508.

Edmund J. Brandon, U.S. Atty. and Joseph P. Rooney, Asst. U. S. Atty., both of Boston. Mass., for the United States.

G. K. Richardson and Wm. E. Bennett, of Richardson, Wolcott, Patten & Bennett, both of Boston, Mass., for Elm Spring Farm, Inc., Elm Spring Farm Co., Etta S. Giles & Francis Cummings.

David Greer of Boston, Mass., for Howard L. Chisholm.

SWEENEY, District Judge.

On September 20, 1940, the plaintiff filed a petition for attachment for contempt against five defendants. Service was not made on two of them, and the Government's motion to dismiss the petition as to these two was allowed. The other defendants filed motions to dismiss, and, although briefs were filed in support of their motions, no action was taken on them by the court.

On April 7, 1942, the Government filed a motion to dismiss the petition without prejudice under Federal Rules of Civil Procedure, rule 41(a) (2), 28 U.S.C.A. following section 723c. The defendants object to the allowance of the Government's motion to dismiss without prejudice, although their motions to dismiss did not include a prayer for dismissal with or without prejudice.

 In a brief supporting the defendants' motions to dismiss appears the suggestion that in the present practice a motion to dismiss takes the place of a demurrer. For the purposes of this case. I accept this statement as true. If the defendants' motions had been allowed the Government would have been accorded the right to amend its petition within a reasonable time thereafter. No harm can accrue to the defendants by the allowance of the Government's present motion. Although the basis of the Government's present motion is newly discovered evidence of other contempts, it is reasonable to expect that this court would have allowed the original petition to be again amended so as to include them.

The defendants now insist that if the Government's motion is allowed, it should be with prejudice. Since there has been no hearing on the merits, such a contention cannot prevail. It will be more orderly to include all of the violations in a new petition both as to parties and allegations, and have the matter once determined rather than have it determined piecemeal or under new amendments to the old petition. The Government's motion to dismiss without prejudice is therefore allowed. Since the dismissal sought is for the purpose of consolidating the old allegations of contemptuous acts with others newly discovered, the plaintiff is ordered to include all of its known claims in one new petition.